**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS   DIVISION**

| | |
|---|---|
| **GREGORY MARCELL FULLER** ) | |
| ) | |
| **v.** ) | **3-06-CV-1774-R** |
| ) | |
| **NATHANIEL QUARTERMAN, Director,** ) | |
| **Texas Department of Criminal Justice** ) | |
| **Correctional Institutions Division** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. §§ 2241 and 2254.

**Parties**: Petitioner is an inmate confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Amarillo, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: After entering a plea of not guilty to the offense of injury to a child, 14 years of age or younger, as charged in the indictment returned in No. F-01-19109-VJ and having waived trial by jury, Fuller proceeded with a bench trial. The trial court found him guilty and upon his plea of "true" to the enhancement paragraph of the indictment the court imposed an eight year term of imprisonment to run concurrently with any sentence which he as then serving. See F-01-

29109-VJ, S.O.F. Reporters' Record, Vol. 5 at 10-11.[1]

Fuller appealed his injury to a child conviction and on August 18, 2003, the Fifth Court of Appeals affirmed his conviction, but deleted the $500.00 fine, and thereafter denied his motion for rehearing on February 6, 2004. He did not seek a petition for discretionary review.

Petitioner filed an art. 11.07 application on October 20, 2004, which was denied by the Court of Criminal Appeals on November 9, 2005. His federal petition is deemed filed on September 23, 2006, the date on which he signed it and personally placed it in the prison mail system. He also filed a second art. 11.07 application on May 8, 2006, which has not yet been decided by the Court of Criminal Appeals.

**Findings and Conclusions**: The present petition includes a collateral attack on his conviction in No. F-01-29109-VJ which is cognizable under § 2254 and further raises an issue with respect to the computation of his sentence which is cognizable, if at all, under § 2241.

The court first addresses those grounds which attack his conviction, i.e. grounds one, two, three, four and five. See petition at 7-8 and attachment to petition at 1-7.

In his answer Respondent contends that these claims are barred by limitations, and in the alternative, that they are unexhausted and further that they are without merit.

As part of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28

---

[1] In addition to the state records pertaining to No. F-01-29109-VJ Respondent filed pleading documents in No. F-88-70945-VI which reflect inter alia that Petitioner's initial probated sentence for the offense of aggravated assault with a deadly weapon was revoked on April 9, 1992, when he was sentenced to a term of ten years imprisonment. Id. at 25. Although not included in the record, it is self-evident that Fuller was released on parole on a date prior to April 16, 2001, the date on which he inflicted injury to a child. It is logical to assume that his parole was thereafter revoked and that he was again confined on that offense when sentenced on October 3, 2002.

U.S.C. § 2254(d) imposes a one-year limitation period within which a state prisoner is required to seek federal habeas corpus relief. The only applicable period for commencement of the running of the limitation period in Fuller's case is the date on which his conviction became final. See § 2244(d)(1)(A).

Petitioner's conviction in No. F-01-39298-VJ became final on March 8, 2004, thirty days after the Fifth Court of Appeals denied his motion for rehearing, when his right to file a petition for discretionary review expired. See Roberts v. Cockrell, 319 F.3d 690, 694-5 (5th Cir. 2003) (citing Tex.R.App.P. 68.2(a)).

§ 2244(d)(2) further provides that the running of the one-year limitation period is tolled during the pendency of a collateral proceeding in the state court system. Fuller filed his initial art. 11.07 application on October 20, 2004. See Application No. WR-62,797-01, at 002, at which time 225 days of the one-year period had elapsed. The limitation period began to run again on November 10, 2005, the day after the Texas Court of Criminal Appeals denied his art. 11.07 application. Id. at cover. Therefore, the last date on which he could have timely filed a § 2254 petition was March 10, 2006. Although he filed a second art. 11.07 application on May 8, 2006, See No. W-01-39298-J(B) at 002,[2] this filing did not toll the limitation period *after* the one-year limitation period had expired. See e.g. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Because Fuller's federal petition was filed after the one-year limitation period expired and none of the exceptions listed in § 2244(d)(B)-(D) apply, his collateral attack on his conviction is time barred absent a showing that equitable tolling is appropriate.

---

[2]This application was sent to the Court of Criminal Appeals on March 12, 2007, after the trial court filed its proposed findings of fact and conclusions of law, Id. at 031-34.

3

Given that the information then available to the court suggested that the petition in the present case was time-barred, on October 26, 2006, the court issued a questionnaire to Fuller who filed answers on November 22 and November 29, 2006, respectively. Due to ambiguities in Petitioner's answers the court thereafter issued a show cause order to Respondent on December 19, 2006. Following the filing of Respondent's answer Fuller has not timely filed a reply. Therefore, the only claims which might warrant equitable tolling are those appearing in his answers to the questionnaire.

In answer to Question 2 of the Magistrate Judge's questionnaire filed on November 29, 2006, Fuller claims that his legal materials were confiscated upon his arrival at the Clements Unit on March 16, 2005, following his transfer from the Lynaugh Unit. However, he neither specifies what items were removed and how their unavailability prejudiced his ability to seek federal habeas corpus relief nor what efforts he pursued to obtain return of the materials from the prison authorities. This conclusory statement is insufficient to warrant equitable tolling.

He also claims that he believed that counsel was appointed to represent him in his initial art. 11.07 application. The record clearly shows otherwise. In the trial court's Findings of Fact and Conclusions of Law signed on August 2, 2005, Fuller was put on notice that counsel had not been appointed in his collateral proceedings. See Application No. WR 62,797-01 at 0036, ¶ 3. Therefore, any prior misapprehension by Petitioner as to counsel is not a basis for equitable tolling, particularly where any ambiguity was foreclosed by the express statements of the court and in light of the fact that Fuller had more than 120 days remaining on the one-year period to file his federal petition after his art. 11.07 application was denied by the Texas Court of Criminal Appeals.

Finally Fuller suggests that he is suffering from a mental defect which rendered him unable

4

to pursue his rights. Aside from his self-serving allegation of mental incompetency there is nothing to support this assertion. Moreover, the fact that he has filed pleadings in this case, the fact that he has filed two art. 11.07 application in the Texas state court system, and the fact that he has filed nine time-credit disputes (See Respondent's answer at p. 7, n. 11) foreclose applying equitable tolling as a result of a claim that Petitioner was unable to file a timely § 2254 petition due to mental incompetency.

Therefore, Fuller's claims collaterally attacking his conviction in No. F-01-39298-VJ are time barred. Moreover, it is clear that the claims attacking his conviction remain unexhausted since they were first raised in his second habeas application, No. W 01-39298-J(B), supra, which has yet to be ruled upon by the Court of Criminal Appeals. However, because § 2254(b)(2) permits a federal court to deny relief on unexhausted claims, and if the District Court does not dismiss these grounds as being time barred, relief on the merits should be denied for the reasons stated in the trial court's findings and conclusions filed in No. W 01-39298-J(B) at 031-034.

Fuller's final ground relates to the computation of his sentence. Respondent also claims that it is barred by limitations. Although the Texas state courts have repeatedly attempted to disabuse Fuller of his misunderstanding of the law, See e.g. No. WR-62,797-01, at 035-36, ¶¶ 1 and 2 and No. W 01-39298-J(B) at 33, ¶ 6, he nonetheless now seeks a "different answer" from this court. However, absent the existence of a constitutionally protected liberty interest, which is neither alleged nor is present in this ground, computation of the time remaining on his sentence in No. F-01-39298-VJ is a matter of state law and fails to present a claim cognizable in a § 2254 petition.

**RECOMMENDATION:**

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 14th day of May, 2007.              *Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.